UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------ X

SELENA GOODWIN,

          Plaintiff,   **COMPLAINT**

      -against-

              **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK; NYPD SGT. DAVID
LEONARDI; NYPD P.O. MICHAEL IOVINE;
NYPD, and P.O. JOHN/JANE DOES 1-10;
individual defendants sued in their
individual and official capacities,

          Defendants.

------------------------------------------ X

## PRELIMINARY STATEMENT

    1.  This is a civil rights, common law, and tort

action in which plaintiff seeks relief for the violation of his

rights secured by the laws of the State of New York; New York

State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth,

Sixth, and Fourteenth Amendments to the United States

Constitution.  Plaintiff's claims arise from an incident that

took place on May 9, 2014.  During the incident, the City of New

York, and members of the New York City Police Department

("NYPD") subjected plaintiff to, among other things, unlawful

search and seizure, excessive force, false arrest, failure to

intervene, and implementation and continuation of an unlawful

municipal policy, practice, and custom, and respondeat superior

liability.  Plaintiff seeks compensatory and punitive damages

from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     Within 90 days of the conclusion of the incidents alleged in this complaint, plaintiff served upon defendant City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

3.     More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4.     Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

5.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and Kings County is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

6.    Plaintiff Selena Goodwin is an African-American female, who is a resident of the State of New York, Kings County.

7.    At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein

8.    At all times alleged herein, defendants NYPD SGT DAVID LEONARDI; NYPD P.O. MICHAEL IOVINE and JOHN/JANE DOES #1-10 were New York City Police Officers employed with the 79th Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9.    The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10.    On May 9, 2014 at and in the vicinity of 523 Putnam Avenue Kings County, Brooklyn, New York, and the 79th Precinct, Brooklyn, New York, several police officers operating from the 79th Precinct, including, upon information and belief, defendants NYPD P.O. Iovine, Sgt. Leonardi and John/Jane Does #1-10, at times acting in concert, and at times acting

independently, committed the following illegal acts against plaintiff.

11. On May 9, 2014, at approximately 9:00 p.m., at and in the vicinity of 523 Putnam Avenue, Brooklyn, New York NYPD POM Iovine, Sgt. Leonardi and John/Jane Does #1-10, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, unlawfully arrested plaintiff.

12. Plaintiff was with some friends, and one of the friends' boyfriend lived at 523 Putnam Avenue, Brooklyn, New York.

13. They stopped by 523 Putnam Avenue.

14. Plaintiff needed to use the restroom, and was directed downstairs to the restroom.

15. Plaintiff was in the restroom.

16. Police were broke through the door to the house.

17. If the defendant officers had a search warrant, it was issued upon the basis of extremely unreliable information, the unreliability of which was withheld from the issuing magistrate.

18. If the defendant officers had a search warrant, they obtained it by failing to properly supervise and verify the reliability of an informant against NYPD policy and procedures to ensure the reliability of the confidential informant and the

confidential informant's information before obtaining the
warrant.

19.   Once defendants entered 523 Putnam Avenue,
Brooklyn, NY, the plaintiff was not free to disregard the
defendants' questions, walk away, or leave the scene.

20.   The Officers were wearing shields and helmets.

21.   One of the officers came downstairs to the
bathroom and yelled police.

22.   Plaintiff opened the door to the bathroom.

23.   One of the officers then grabbed plaintiff,
slammed her against a wall and placed excessively tight
handcuffs on plaintiff.

24.   Plaintiff told the officer that the handcuffs
were to tight, put the officer did not adjust the handcuffs.

25.   The officer then brought plaintiff upstairs.

26.   Plaintiff was on the couch for about an hour,
when she was placed in a van and transported to the 79th
precinct.

27.   At the precinct, plaintiff was searched, finger
printed and processed.

28.    While in the precinct, plaintiff was placed in a
holding cell.

29.   Plaintiff remained at the 79th Precinct until she
was transported to Brooklyn Central Booking.

30.   During this time, in order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed various crimes.

31.   The defendants made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime.

32.   The defendants made these false allegations to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

33.   Because there was no basis to arrest or prosecute plaintiff, the Kings County District Attorney's Office declined to prosecute plaintiff.

34.   Plaintiff was released from Central Booking.

35.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

36.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

37.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively

6

reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

38.    The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

39.    As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

40.    Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

41.    Upon information and belief, the unlawful actions against plaintiff were also based on profiling.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

42.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

44.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

45.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

47.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## THIRD CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

48.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49.   Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

50.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

51.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52.   Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

53.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

54.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55.   The individual defendants' use of force upon plaintiff was objectively unreasonable.

56.  The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

57.  Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

58.  Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

59.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60.  Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

61.  Accordingly, defendants are liable to plaintiff under New York State Law for assault.

## SEVENTH CLAIM

### (BATTERY)

62.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.  Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

64.  Accordingly, defendants are liable to plaintiff under New York State Law for battery.

## EIGHTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEES)

65.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66.  Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD and its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its police officers..

## NINTH CLAIM

**(INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

67.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

68.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

69.   The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

70.   The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for his own safety.

## TENTH CLAIM

**(NEGLIGENCE AND GROSS NEGLIGENCE)**

71.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72.   Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

## ELEVENTH CLAIM

### (FAILURE TO INTERVENE)

73.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

74.  Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

75.  Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## TWELFTH CLAIM

### (MONELL CLAIM)

76.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

77.  Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

78.  Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs, and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on

individuals; and (5) fabricating evidence against innocent persons.

79.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

80.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

81.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would stop, arrest, and prosecute innocent individuals, based on pretexts and false evidence.

82.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the

individual defendants' propensity to violate the rights of
individuals.

83.   In addition to frequently violating the civil
rights of countless residents of New York City, numerous members
of the NYPD commit crimes.  Officers have been arrested and
convicted of such crimes as planting evidence on suspects,
falsifying police reports, perjury, corruption, theft, selling
narcotics, smuggling firearms, robbery, fixing tickets, driving
under the influence of alcohol, vehicular homicide, assault, and
domestic violence.  In fact, former NYPD Commissioner Bernard
Kerik was convicted of corruption-related crimes in federal and
state courts and served time in federal prison.  In 2011,
Brooklyn South Narcotics Officer Jerry Bowens was convicted of
murder and attempted murder in Supreme Court, Kings County,
while under indictment for corruption and is presently serving a
life sentence.  In 2011, Police Officer William Eiseman and his
subordinate Police Officer Michael Carsey were convicted of
felonies in Supreme Court, New York County, for lying under
oath, filing false information to obtain search warrants and
performing illegal searches of vehicles and apartments.  In
2012, New York City Police Officer Michael Pena was convicted in
Supreme Court, New York County, of raping and sexually
assaulting a woman at gunpoint and is presently serving a
sentence of 75 years to life.

84.   The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

85.   The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

86.   The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## THIRTEENTH CLAIM

### (RESPONDEAT SUPERIOR)

87.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

88.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including assaulting, and battering plaintiff.

89.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be
     determined by a jury;

b.   Punitive damages in an amount to be determined by
     a jury;

c.   Costs, interest and attorney's fees, pursuant to
     42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may
     deem just and proper, including injunctive and
     declaratory relief.

DATED:     New York, New York
           August 6, 2015


                              ADAMS & COMMISSIONG LLP,
                              *Attorney for Plaintiff*
                              65 Broadway Suite 715
                              New York, New York 10006
                              212-430-6590
                              martin@amcmlaw.com
                              By:

                              _____

                              MARTIN E. ADAMS, ESQ.